No. 28,231.

THE STATE OF KANSAS, *Appellee*, v. C. N. WAGONER, *Appellant*.

(278 Pac. 1.)

Opinion filed June 8, 1929.

*F. A. Sloan,* of Hoxie, *W. L. Sayers,* of Hill City, and *Jerry E. Driscoll,* of Russell, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton, R. O. Mason,* assistant attorneys-general, *C. L. Thompson,* county attorney, and *W. H. Clark,* of Hoxie, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant was convicted of statutory rape, and appeals.

Briefly and substantially, there was evidence showing that the complaining witness, Anna Desmond, an orphan girl, was only fourteen years of age at the time of the trial; that some years previously she had come to live at the home of the defendant; that the defendant on numerous occasions had sexual intercourse with her; that he threatened her to prevent her from telling others of his treatment of her, and that he did actually whip and beat her. It would serve no good purpose to detail the evidence.

It is contended chiefly that the court erred in overruling a special plea in abatement. Basis for the complaint is that the state elected to rely for conviction upon an act of intercourse concerning which no testimony was produced at the defendant's preliminary

hearing. The record shows he was given a preliminary hearing and bound over to the district court, the magistrate (justice of the peace) finding that—

"After hearing the evidence the court finds that the offense of rape by having sexual intercourse with one Anna Desmond, a female under the age of eighteen years, within the last two years, has been committed in Sheridan county, Kansas, and there is probable cause to believe that the defendant, C. N. Wagoner, is guilty of the commission of said offense."

Upon the trial the state was permitted, over the objection of the defendant, to show several alleged acts of intercourse by the defendant with the prosecutrix. After the state had introduced its evidence and rested, the defendant filed a motion requesting the court to require the state to elect upon which act of intercourse it would rely for a conviction. The court sustained the motion and the state made the following election:

"To stand for the conviction of the defendant in this case upon the act of intercourse testified to in this case, and that occurred on the trip that was made from the defendant C. N. Wagoner's home over to John Pratt's, or from John Pratt's back to Wagoner's, on the road between these two houses."

In support of his plea in abatement the defendant tendered the original complaint, warrant, transcript and findings of the justice of the peace before whom the preliminary was heard; also the testimony taken at the preliminary hearing. The act in question was not shown at the preliminary hearing. The state says that it was only through an inadvertent mistake that it elected to stand for conviction upon an act not specifically shown at the preliminary hearing, but that no reversible error was committed inasmuch as the defendant was not prejudiced thereby.

The information reads:

"State of Kansas, Sheridan county, ss.

"I, C. L. Thompson, the undersigned county attorney of said county, in the name and by the authority and on behalf of the state of Kansas, come now here and give the court to understand and be informed, that within two years last past prior to September 9, 1927, in said county of Sheridan and state of Kansas, one C. N. Wagoner did then and there unlawfully, feloniously commit the crime of rape by then and there unlawfully, feloniously and carnally knowing one Anna Desmond, she, the said Anna Desmond, then and there being a female person under the age of eighteen years, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas.          "C. L. Thompson,

"Filed October 4, 1927.                    "County Attorney."

The object of a preliminary hearing is to inform the defendant of the nature and character of the crime charged against him. It is

one of the steps in the proceeding leading up to his trial in the district court. He may not be put upon trial without a finding of the examining magistrate that there is probable cause for believing he is guilty of the crime charged, and until a preliminary hearing has ripened into such a finding and a consequent binding over to the district court the state has no authority to file an information against him. The defendant was not charged with any particular act, but substantially that within two years prior to September 9, 1927, he had unlawfully had intercourse with the prosecutrix. It is of course necessary that the defendant should be given a fair opportunity to know by a proffered preliminary examination the general character and outlines of the offense charged against him, but it is not necessary that every detail be given, and error cannot be predicated upon the state's failure in this regard unless it is shown that prejudice resulted therefrom. In the instant case the defendant had a full opportunity to know the general character of the offense charged against him. In *State v. Wellman,* 114 Kan. 671, 220 Pac. 271, it was said:

"The validity of a preliminary examination and whether defendant has been sufficiently advised as to the charge upon which he is to be tried, depends not only upon the testimony adduced at such examination, but also upon the information disclosed by the complaint and warrant, and all other matters of procedure before the magistrate of which the defendant has notice." (Syl. ¶ 1.)

The complaint having charged defendant with the crime of rape within two years past was notice to him that any charge or act within the time limited might be introduced in evidence against him and that he might be tried for any act within that time. No claim is made that the defendant was prejudiced by the election made, or that he did not have a chance to make a defense to the act upon which the state elected to rely, which in point of time occurred between the first and last times testified to by the complaining witness in the preliminary examination.

Other alleged errors are complained of. For instance, that the court erred in denying a change of venue, but no showing is made of any prejudice resulting from the denial. It is argued that the papers published articles reflecting upon the character of the defendant, and that an action in the juvenile court to remove the prosecutrix from the home of the defendant was made known generally to the inhabitants of the county. These matters do not of

themselves show an abuse of discretion on the part of the court in refusing to grant a change of venue.

A complaint that the court erred in permitting the justice of the peace to amend his findings by adding the words "as charged in the complaint and warrant" is without substantial merit. It is contended that error was committed in permitting the state to ask suggestive and leading questions of the prosecutrix. In answer to this complaint the state directs attention to the fact that the complaining witness was only fourteen years of age and was under-developed mentally. We are of the opinion that there was no abuse of the court's discretion in permitting the examination as conducted.

It is argued that the story told by the complaining witness was improbable and unreasonable. We think the evidence was abundantly sufficient to sustain the verdict and judgment.

Other complaints have been considered, but on the whole the record discloses no error which would warrant a reversal.

The judgment is affirmed.