No. 40,109

THE STATE OF KANSAS, *Appellee*, v. LAWRENCE H. WOODS, *Appellant*.

(296 P. 2d 1114)

Opinion filed May 5, 1956.

*Lawrence H. Woods, pro se.*

*James H. Bradley,* County Attorney, Johnson County, Kansas; *John J. Gardner,* Assistant County Attorney, Johnson County, Kansas; *John Anderson, Jr.,* Attorney General, and *Paul E. Wilson,* Assistant Attorney General, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, C. J.: Defendant was convicted of burglary in the second degree, in violation of G. S. 1953 Supp., 21-520. He appeals. In this court he represented himself. The attorney general has furnished us a full and complete record.

The warrant for defendant's arrest was issued on December 3, 1954. The preliminary hearing was held on December 9, 1954. All the evidence at the preliminary hearing was transcribed by the official court reporter and a copy furnished counsel for the defendant. He was bound over on December 28, 1954, for trial on the charge of burglary in the second degree. His bond was fixed at $500.

On the motion day of January, 1955, defendant appeared by counsel and the trial was set for January 19, 1955. When that date arrived defendant failed to appear. A bench warrant was issued and he was apprehended in Iowa. He waived extradition and was returned to Johnson county and an order was made fixing a new bond.

On April 23, 1955, it appeared his attorney had withdrawn. The trial court proceeded in conformity with G. S. 1949, 62-1304, to appoint a reputable member of the bar to be his counsel.

That attorney immediately filed a motion to quash the information, which was denied. On May 4, 1955, permission was given counsel for the state to endorse additional names on the information.

Trial was had on May 4, 1955. The verdict was guilty.

Defendant's motion for a new trial was on the grounds the trial court admitted evidence over the objection of defendant, which was prejudicial to him; the verdict was not sustained by the evidence; the verdict was contrary to the law. The record of proceedings on the motion for a new trial is furnished us. The motion was denied and defendant duly sentenced.

On this appeal he states the questions to be: (1) That no preliminary hearing was had on the charges as set out in the information; (2) that Curtis Stone, one of the witnesses for the prosecution, was mentally incompetent to testify; (3) that appellant was returned to Johnson County, Kansas, from Des Moines, Iowa, illegally; (4) that he was held under excessive bail; (5) that he was not given a speedy trial; (6) that cross examination of appellant on his previous record was allowed; (7) that the verdict was contrary to law; (8) that the verdict was not sustained by the evidence; (9) that additional witnesses were allowed by the Court to be endorsed on the information; (10) that he was brought into the courtroom in prison garb; and (11) that he was not represented by adequate counsel.

Counsel for the state points out that of these questions 1 to 7 were not brought to the attention of the trial court. It is well settled that reversible error cannot be predicated on trial errors, which were not pressed on the trial court's attention on the hearing of a motion for a new trial. (See *State v. Hayes,* 169 Kan. 505, 219 P. 2d 442.) Even though the above is the rule, we have, out of our zeal to protect and safeguard the rights of the defendant, examined them. Our conclusion is that there is nothing whatever in this record to sustain them.

We go then to the argument the verdict was not sustained by the evidence. The building upon which the burglary was charged to have been committed was a sweet potato storehouse, in which sweet potatoes were stored. Without going into more detail than is fitting to be included in an opinion, it may be stated there was substantial evidence of a burglar alarm in the night; the immediate discovery of the defendant inside the storage house, upon the door of which a Yale lock had been broken, a bushel basket of potatoes on the ground outside, and the flight of someone in what was said to resemble a pick-up truck. This, if the jury believed it, which it had a right to do, was sufficient.

As to the trial court authorizing the endorsement of additional names on the information, this is within the discretion of the trial court. (See *State v. Thomas*, 173 Kan. 460, 249 P. 2d 645.)

As to the argument the defendant was brought into the court-room in prison garb, it seems he was brought into the courtroom in a coat with the word "PRISONER" on it. At the suggestion of counsel for defendant, he was removed at once and returned properly clad. It was obviously a mere inadvertence. No order of the trial court was involved and certainly no prejudice shown.

As to the argument defendant was not represented by adequate counsel, counsel has been a member of the bar of this state since 1949 and has been in the general practice ever since. He had appeared in many criminal cases. The constitution does not guarantee the assistance of the most brilliant counsel. (See *Miller v. Hudspeth*, 164 Kan. 688, 192 P. 2d 147; also *Trugillo v. Edmondson*, 176 Kan. 195, 270 P. 2d 219.) Furthermore in the absence of some definite showing we will not reverse a conviction on a mere charge of inadequacy of counsel. There is nothing whatever in this record to sustain the charge of inadequacy.

The judgment of the trial court is affirmed.