No. 43,569

STATE OF KANSAS, *Appellee*, v. WALTER CARTER, *Appellant*.

(388 P. 2d 594)

Opinion filed January 25, 1964.

*Jay W. Scovel,* of Independence, argued the cause and was on the brief for the appellant.

*B. D. Watson,* County Attorney, argued the cause, and *William M. Ferguson,* Attorney General, and *Monte K. Heasty,* Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: In this case the defendant has appealed from his conviction of the offense of forcible rape—the victim being his thirteen-year-old daughter.

Defendant was charged in the district court of Montgomery county in two counts. Count one charged the offense of forcible rape (G. S. 1949, 21-424). Count two charged the offense of incest (G. S. 1949, 21-906).

Defendant being without counsel, the trial court, pursuant to the provisions of G. S. 1961 Supp. 62-1304, appointed a local practicing attorney to represent him.

Subsequently, upon motion of the state, count two of the information was dismissed. Defendant entered a plea of not guilty to count one—charging forcible rape—and a trial was had. The jury returned a verdict of guilty.

Defendant filed a motion for a new trial as follows:

"Now comes the defendant and moves the Court for an order setting aside the verdict of the jury herein and granting a new trial for the reason that:

"1. The Court admitted illegal evidence, consisting of State's Exhibits 2 and 3, over the objections of the defendant, prejudicial to rights of defendant.

"2. The verdict of the jury is contrary to the evidence."

This motion was overruled, the verdict was approved, and defendant was sentenced to confinement in the state penitentiary as provided by law.

His court-appointed counsel represented him throughout the trial and at the hearing on the motion for a new trial.

Subsequently defendant, *pro se,* filed a notice of appeal to this court—

". . . from the judgment and Motion for Retrial sentence imposed in said cause . . ."

We construe this notice to mean that defendant appealed from the order overruling his motion for a new trial and from the judgment of conviction and the sentence imposed.

Defendant being indigent, and being without counsel to conduct his appeal, the trial court, pursuant to Rule No. 56 of this court, appointed new and different counsel to represent him on appeal,

and counsel so appointed has filed an abstract and brief in this court and appeared on oral argument of the appeal.

The abstract sets forth eleven specifications of error, among them being that the trial court erred—

"In appointing as defense counsel a member of the bar with little, if any, experience, in the trial of criminal cases," and "In overruling defendant's motion for a new trial."

In connection with the first ground it is contended that trial counsel's failure to object to certain of the state's evidence and to alleged leading and suggestive questions put to witnesses for the state—and particularly to the prosecutrix—resulted in prejudice to defendant's rights, and that the practical end result of the entire matter is that defendant was denied the effective assistance of competent counsel which the law requires.

In our opinion the criticism of trial counsel is unwarranted and unjustified. Within the last few years it has become quite common for convicted felons to contend that they were inadquately represented by counsel at their trial. The law does not guarantee the assistance of the most brilliant and experienced counsel, but it does require the honest, loyal and genuine representation by counsel. Hindsight always is better than foresight, and probably no two attorneys would conduct a defense in precisely the same manner. It is quite true that a number of leading questions were put to the prosecutrix, but, in view of the circumstances of the case and of the offense charged, the reticence of a thirteen-year-old girl to testify against her father is quite understandable. (*State v. Wagoner,* 128 Kan. 299, 302, 278 Pac. 1.) We are advised that trial counsel was admitted to the practice of law in this state in 1955; that he served for several years as judge of the city court of Independence, and that he has been and is engaged in the general practice of law in Montgomery county. The record discloses that throughout the trial, and at the hearing on the motion for a new trial, he faithfully and competently represented defendant, and any contention to the contrary is without merit. As bearing on the question involved, see *Miller v. Hudspeth,* 164 Kan. 688, 707, 708, 192 P. 2d 147; *Trugillo v. Edmondson,* 176 Kan. 195, 200, 201, 270 P. 2d 219; *State v. Woods,* 179 Kan. 601, 603, 296 P. 2d 1114; *Converse v. Hand,* 185 Kan. 112, 115, 340 P. 2d 874, and *Hicks v. Hand,* 189 Kan. 415, 417, 369 P. 2d 250.

It is noted that the motion for a new trial, above, was on two grounds—the erroneous admission of exhibits 2 and 3 into evidence, and that the verdict was contrary to the evidence. The record also discloses that the argument at the hearing on the motion was confined to those two grounds. Such being the case, specifications of error outside the scope of the two mentioned grounds are not subject to review. (*State v. Teter*, 180 Kan. 219, 220, 221, syl. 1, 303 P. 2d 164, and *State v. Trams*, 189 Kan. 393, 395, syl. 2, 369 P. 2d 223.) We therefore confine the discussion to the two points involved.

Both exhibits 2 and 3 were introduced and admitted into evidence over the objections of defendant. Exhibit 2 was a letter written by defendant to his aunt while he was in jail awaiting trial. In it defendant did not admit his guilt, and the most that can be said for it is that it was more or less of a rambling discourse in which defendant directed his aunt to advise his daughter—the prosecutrix —that the "answer" to all questions was to be an emphatic "no." Exhibit 3 was a short letter written by defendant, while in jail awaiting trial, to his daughter—the prosecutrix—and which was handed by defendant to the matron of the county jail. Nowhere in this letter did defendant admit his guilt, and, in fact, he denied it.

In no sense of the word may it be said that the admission of these exhibits resulted in prejudice to defendant, and the contention as to their admission is without merit.

The contention that the verdict of guilty is contrary to the evidence likewise lacks merit. We have read the record, but no purpose would be served by detailing in this opinion the sordid and revolting facts. Defendant neither testified nor introduced any evidence, and if the jury chose to believe the testimony of the prosecutrix and other witnesses—which it had the right to do— it returned the only verdict that it could return. In all respects the verdict was fully supported by the evidence, and it was approved by the trial court. We find nothing in the record which approaches prejudicial error. The motion for a new trial was properly overruled, and the judgment is affirmed.

JACKSON, J., not participating.