No. 43,856

State of Kansas, *Appellee*, v. Jack Lavon Smith, *Appellant*.

(392 P. 2d 902)

Opinion filed June 6, 1964.

*Earl Thomas Reynolds*, of Coffeyville, was on the brief for the appellant.

*Monte K. Heasty*, Assistant County Attorney, argued the cause, and *William M. Ferguson*, Attorney General, and *B. D. Watson*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: The defendant, Jack Lavon Smith, was convicted of grand larceny on two counts, and has appealed. He and another defendant were charged with stealing 345 pounds of copper wire of the value of $67 on the first count, and 525 pounds of copper wire of the value of $105 on the second count, all being the property of the city of Coffeyville, in violation of G. S. 1961 Supp., 21-533. The defendant herein was tried separately.

The defendant had two previous felony convictions, and under the provisions of the habitual criminal statute (G. S. 1949, 21-107a), was sentenced to a term of twenty-five years under the provisions of G. S. 1949, 21-534 and 21-107a on each of the two counts, the sentences to run concurrently.

A motion for a new trial was filed and after hearing was overruled by the trial court, whereupon the defendant (appellant) duly perfected an appeal from the judgment and sentence, and also from the order overruling the motion for a new trial. His six specifications of error failed to include a specification that the trial

court erred in overruling his motion for a new trial. All specifications except the fifth complain of trial errors. The fifth specification states that the verdict is contrary to the law and the evidence.

Throughout the trial the appellant was represented by competent counsel and he was represented by the same counsel on appeal. Counsel for the appellant in arguing the motion for a new trial to the lower court conceded that the verdict was not contrary to law.

This court has repeatedly held that in order to obtain a review of alleged trial errors it is required that an appellant appeal from the order overruling his motion for a new trial and, in addition, that such order be specified as error. (*State v. Hamilton,* 185 Kan. 101, 340 P. 2d 390; *State v. Trinkle,* 186 Kan. 809, 352 P. 2d 937; *State v. Aeby,* 191 Kan. 333, 381 P. 2d 356; and authorities cited in these cases.)

In *State v. Hamilton,* supra, the identical situation presented by the instant case was considered by the court. That is, an appeal had been duly perfected from the order overruling the appellant's motion for a new trial in a criminal case, but he failed to specify such ruling as error.

In *State v. Hamilton,* supra, the court said:

"It is quite true that under G. S. 1949, 62-1701, an appeal to this court may be taken by a defendant as a matter of right from any judgment against him. The statute, however, does not mean that a defendant is entitled to a review of every matter involved in his trial and sentence without compliance with well-established rules of procedure relating to appellate review. In other words, while in this case defendant did appeal from the order overruling his motion for a new trial, his failure to specify that order as error precludes a review of alleged irregularities and errors occurring during the trial." (p. 103.)

Application of the foregoing rule, however, does not preclude review of the specification of error that the verdict is not sustained by sufficient evidence.

The record discloses the evidence as to the guilt of the appellant was in conflict. At the trial the appellant attempted to show by his evidence that the copper wire in question was given to him by his brother who operated a junk yard in the city of Coffeyville, Kansas. The appellant's confession, however, was admitted in evidence, together with circumstantial evidence, which the jury was entitled to give credence after having been properly instructed by the trial court.

We have reviewed the record and find no merit to the appellant's contention. The evidence was sufficient to sustain the verdict. The appellant was represented by competent counsel throughout the trial. Nothing has been shown to indicate that the appellant's rights were in any way prejudicially affected.

The judgment of the lower court is affirmed.