No. 43,138

THE STATE OF KANSAS, *Appellee*, v. GENE A. CALHOUN, *Appellant*.

(399 P. 2d 886)

Opinion filed March 6, 1965.

*E. J. Malone*, of Wichita, argued the cause and was on the brief for the appellant.

*Martin E. Updegraff*, Deputy County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, *Robert E. Hoffman*, Assistant Attorney General, and *Keith Sanborn*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from a conviction of robbery in the first degree as defined by G. S. 1949, 21-527, which now appears as K. S. A. 21-527.

Highly summarized, the evidence established that on the evening in question one Jacques entered a cafe in Wichita. He had a large roll of currency in his pocket amounting to $580. When paying for beer and cigars he exhibited his "roll." A woman by the name of Spann was in the cafe at the time and observed the roll of bills. Shortly thereafter she went to defendant's apartment and told him that there was a man in the cafe who had "a lot of money on him." Later in the evening defendant went to the cafe. Jacques and defendant were not personally acquainted, but Jacques knew defendant by sight. Later on Jacques left, and as he started to get into his truck which was parked in the street, defendant confronted him. Defendant drew a knife and demanded the money—"all of it." In the ensuing scuffle defendant ripped a pocket from Jacques' pants

which contained the money. Defendant then disappeared into the night.

Mrs. Spann saw the scuffle in the truck. She later went to defendant's apartment and found him counting "a lot of money." She "helped" him count it and he gave her $133.00, but she returned all but $20.00.

Defendant was charged with the offense of robbery in the first degree. We are advised that he was represented by counsel at his preliminary examination. Upon being bound over for trial the district court appointed counsel to represent him, and counsel so appointed represented him throughout the trial. He was found guilty as charged, and, having previously been convicted of burglary and larceny, sentence was imposed under the habitual criminal statute (G. S. 1949, 21-107a), now appearing as K. S. A. 21-107a.

In this appeal, in which defendant is represented by court appointed counsel, only two questions are raised.

It first is contended that defendant was not properly identified. We understand this contention to be that there was insufficient evidence as to the identity of defendant to support the conviction.

The contention is without merit and cannot be sustained. Without detailing the testimony of the witnesses, it is sufficient to say that Jacques, the complaining witness, positively identified defendant in a police lineup, and also in the court room during the trial, as his assailant. He also was positively identified by Mrs. Spann.

On the question as to the function of a jury, the trial court, and this court on appellate review, where, in a criminal prosecution, it is contended the evidence is insufficient to support a verdict, see *State v. Osburn,* 171 Kan. 330, Syl. 1, 232 P. 2d 451; *State v. Crosby,* 182 Kan. 677, Syl. 5, 324 P. 2d 197, 76 A. L. R. 2d 514, and *State v. Ellis,* 192 Kan. 315, 318, 387 P. 2d 198.

The other contention made by defendant is that he was deprived of his rights in that he, being unskilled and unversed in such matters, did not request that a motion for a new trial be filed, and that his court appointed counsel failed to file a motion. In other words, we understand this contention to be that defendant's rights were prejudiced by the alleged incompetency of his counsel.

In recent years it has been quite common for convicted felons to contend that they were inadequately represented by counsel at their trial. The law does not guarantee the assistance of the most

brilliant and experienced counsel, but it does require the honest, loyal, genuine and faithful representation by counsel, be he employed or court appointed. Hindsight always is better than foresight, and probably no two attorneys would conduct a defense in precisely the same manner. The record in this case does not indicate why counsel for defendant elected not to file a motion for a new trial. It does establish, however, that such a motion undoubtedly would have been unavailing, for our attention has been called to nothing of a prejudicial nature. It may well be that trial counsel realized there was no error in the trial and for that reason elected not to file a motion for a new trial. It also is noted that in this appeal defendant raises no questions concerning alleged trial errors—a review of which could be had if such a motion had been filed. Trial counsel was a capable and experienced attorney of the Wichita bar, and the record establishes that he diligently and faithfully performed his duties. Under such circumstances this court will disregard irresponsible and unlicensed accusations. As bearing on the point see *Miller v. Hudspeth,* 164 Kan. 688, 707, 192 P. 2d 147; *Hicks v. Hand,* 189 Kan. 415, 417, 369 P. 2d 250, and *State v. Carter,* 192 Kan. 440, 442, 388 P. 2d 594.

No error being shown, the judgment is affirmed.