No. 44,270

Bill Call, *Appellant*, v. State of Kansas, *Appellee*.

(408 P. 2d 668)

Opinion filed December 11, 1965.

*Reuben E. Weatherford, Jr.,* of Independence, argued the cause, and was on the brief for the appellant.

*B. D. Watson,* County Attorney, of Independence, argued the cause, and *Robert C. Londerholm,* Attorney General, of Topeka, and *Monte K. Heasty,* Assistant County Attorney, of Independence, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This appeal is from an order of the district court of Montgomery County, Kansas, overruling the appellant's motion for relief under provisions of K. S. A. 60-1507. In this opinion, the appellant will be designated as petitioner, or Call.

The petitioner was charged, jointly with three other persons, on five counts of issuing worthless checks of over $50.00 each, contrary to the provisions of G. S. 1949, 21-554 (now K. S. A. 21-554). He

entered pleas of guilty to all five charges and was sentenced on each charge to from one (1) to five (5) years in the penitentiary, the sentences to run concurrently. At his arraignment and at the time sentence was pronounced, petitioner was represented by appointed counsel, Ray A. Neale.

Sometime after his incarceration in the penitentiary, Call addressed a letter to the district judge asking that it be considered as a motion to vacate the sentence and judgment and the court, upon receiving the same, treated it as a motion filed under K. S. A. 60-1507. In his letter, the petitioner contended: First, that he was not represented by counsel during the arraignment; second, that he was not represented by counsel when he was called into the county attorney's office to make and sign a statement pertaining to the charges of which he was accused; third, that he was not advised of Rule 56, allowing appeal in a matter such as this; and fourth, that his court-appointed counsel was negligent, ineffective and incompetent for not having advised him of his right to take more time for the preparation of the defense.

The trial court held no evidentiary hearing but found that the petitioner had raised no factual questions or issues requiring his presence or requiring appointment of counsel. The court further found that the records and files in the case disclosed that the sentence was valid, and thereupon overruled the motion.

Thereafter, Call addressed a second letter to Judge Grant requesting that it be treated as a notice of appeal and asking for appointment of counsel. This letter, which is long and argumentative, appears to have been drafted with the purpose of controverting the specific findings made by the trial court. It does, however, substantially cover the same points set out in Call's first letter, which we shall hereafter refer to as a motion to vacate.

We shall consider the points raised by the motion in the order heretofore listed. The first claim, that the petitioner was not represented during his arraignment, rests on the following allegations: that prior to appointment of counsel, the trial court read the charges and asked if Call had anything to say on his behalf; that Call did make a statement on his own behalf; that the court also advised Call that he might, if he wished, question the arresting officer pertaining to the arrest; that Call did question the officer after he took the stand under oath; and that it was after these proceedings had been completed that counsel was appointed.

The record does not substantiate these allegations. Not only does the journal entry fail to reflect such proceedings, but the transcribed record of what transpired prior to and during the arraignment reveals that only the reading of the information took place prior to the appointment of counsel. Thus, the record itself refutes the petitioner's first claim.

Assuming, however, that the record did bear out the petitioner's version, we are aware of no fundamental right which would have been abridged. The petitioner does not allege that he was asked to, or that he did, enter any pleas prior to the appointment of counsel. Neither does he assert that he made any statement which was used against him or which resulted in prejudice to him.

Even if, as he has alleged, the petitioner did question the arresting officer without counsel, we fail to comprehend how this fact would vitiate the sentence. Conceding, for the sake of argument, that irregularities in the arrest might have been developed under questioning of an attorney, the sentence itself would not be void by reason thereof. It is commonly, if not universally, held that jurisdiction of a court to try a person accused of crime, or to accept his plea of guilty, is not divested by the fact that his arrest was irregular or unlawful. (*State v. Cook*, 194 Kan. 495, 399 P. 2d 835; *State v. Wharton*, 194 Kan. 694, 401 P. 2d 906.)

Turning to the second point raised, the bare-bone allegation that the petitioner was not represented by counsel when called to the office of the county attorney to make and sign a statement does not suggest, of itself, any denial of a constitutional right. In the first place, whatever the statement may have been which was elicited from Call—and we are not informed of its contents—it was not introduced or used against him in this case. Call entered a plea of guilty. Consequently, whether the statement would or would not have been admissible in evidence, were it offered in evidence at a trial, is entirely irrelevant.

In the second place, the petitioner does not allege that the statement was involuntarily made. Neither does he allege that, before making the statement, he was not informed of his right to counsel or of his right to remain silent. In the absence of such allegations, we are entitled to assume that the petitioner was fully advised by the county attorney as to his constitutional rights. The law presumes that a public officer will perform his duty in faithful observance of the law. (*Wright v. Federal Reserve Life Ins. Co.*, 131 Kan.

601, 605, 293 Pac. 945; *State v. Emory*, 193 Kan. 52, 55, 391 P. 2d 1013.)

This court in *Powers v. State*, 194 Kan. 820, 402 P. 2d 328, recently considered the right of an accused to appointed counsel at the preliminary stage of an investigation into a crime, and we there said:

". . . the Federal Supreme Court has never said one accused of crime is an incompetent person and entitled to counsel as such at every stage in a criminal proceeding.

"No case is cited which states or suggests that counsel must be provided at the investigation stage, or preliminary hearing stage, of a criminal case in Kansas, where the defendant has not requested counsel, has been informed of his rights to counsel, and makes an intelligent waiver, as the appellant did in the case presently before the court." (p. 824.)

See also *State v. King*, 194 Kan. 629, 632, 400 P. 2d 975, and *State v. Stubbs*, 195 Kan. 396, 407 P. 2d 215.

As to the third point, the petitioner has not alleged that he was deprived of his right to appeal from the sentences imposed against him on his pleas of guilty but only that he was not apprised of Rule 56, which, in substance, provides for appointment of counsel to conduct an appeal upon request of an indigent accused.

While this ground is contained in petitioner's motion, it is not argued or even mentioned in his brief and may, therefore, be considered as having been abandoned. Even were the ground not abandoned, it is difficult to comprehend why the sentence should be voided merely because the petitioner was not aware of an appellate right when he pleaded guilty. Surely, he does not seriously contend that his guilty pleas were entered because he did not know of his right to appointed appellate counsel. This would be a patently absurd proposition.

We are not here confronted with the question of what effect ignorance of Rule 56 would have on a defendant's right to appeal. The petitioner's contention, as clearly set forth in his motion, is that his *sentence* should be vacated because he was not advised of the rule. This is manifestly an untenable position.

The final claim set forth in the petitioner's motion, *i. e.*, that appointed counsel was negligent, ineffective and incompetent is bottomed solely on the assertion that counsel entered pleas of guilty on Call's behalf without having advised him of his "rights to take more time for the preparation of the defense." In effect, we think this charge is equivalent to a contention that Call was denied the

effective assistance of legal counsel because of the shortness of the time allowed him to consult with the attorney appointed for him.

The petitioner further urges that whether he was adequately represented by competent counsel can be determined only upon an evidentiary hearing. Before we can intelligently assess the merits of such a premise, as related to the facts of this case, we must refer to record. Before doing so, however, it will not be amiss to repeat what this court has stated before; that while the law requires loyal and faithful representation on the part of counsel for an accused, either employed or court appointed, it does not guarantee the assistance of the most brilliant and experienced counsel. (*Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147; *State v. Calhoun,* 194 Kan. 378, 399 P. 2d 886.)

Searching the record itself, we find that this petitioner first appeared before the district court in the company of three individuals with whom he was jointly accused of committing five crimes. The single information charging the offenses was read to all accused by the judge, who then explained to the quartet the nature of the offenses charged and the penalties provided upon conviction. The court then asked if there was any question "you would like to ask about the matter," to which this petitioner is shown to have answered "No sir."

The right to counsel was thereupon explained to the four accused malefactors, at the conclusion of which the court appointed Ray Neale to act as attorney and asked Neale to talk to them. Thereafter, but on the same day, Mr. Neale reported back to the court that there might be a conflict of interest between the accused and recommended that separate counsel be provided. This recommendation was adopted by the trial judge, who thereupon appointed other attorneys to represent Call's three codefendants, while Neale continued to represent Mr. Call. The journal entry recites that the cause was continued to allow Call an opportunity to confer with his attorney.

The transcript of the proceedings had when Call was personally arraigned, as well as the journal entry, reflects that *thereafter,* and on the same day, the petitioner appeared with counsel and that he *personally* entered a separate plea of guilty to each of the five charges. This recitation refutes the claim that the petitioner's pleas were entered by counsel. The transcript also reveals that when, at the allocution, the petitioner was asked if there was any reason why

sentence should not be pronounced, he answered "No." The record nowhere indicates that the petitioner requested the court for more time, nor is there any suggestion in petitioner's motion that such a request was made of counsel. Indeed, it is somewhat difficult to perceive how further delay would have been of benefit to the petitioner, considering his several pleas of guilty.

We believe the record negatives the imputation that Mr. Neale's representation of his client was cursory or inattentive. The conclusion, which he formed after consulting with all four defendants, that their interests might be in conflict, and his recommendation that separate counsel be provided, is indicative both of diligence and of faithfulness to his obligation as a lawyer. After perusing the record, we believe there can be little doubt that Mr. Neale did have opportunity to confer alone with his client, and that the latter was fully informed as to the nature of the charges made against him and the penalties therefor. In testing the quality of Neale's representation, we deem it of some significance that all five sentences involving checks amounting to over $600.00 were made to run concurrently—and this in the face of additional outstanding checks totaling some $3,000.00.

The adequacy of services performed by an attorney on behalf of a client must be gauged by the totality of his representation, not by fragmentary segments analyzed in isolated cells. Viewed in this context, neither the efforts expended by Mr. Neale on behalf of his client nor the results which were achieved can be termed unimpressive.

We have held in *State v. Burnett*, 194 Kan. 645, 400 P. 2d 971, that the right to an evidentiary hearing in proceedings brought under K. S. A. 60-1507 does not extend to those instances where the claims advanced are trivial, frivolous or insubstantial. In *Webb v. State*, 195 Kan. 728, 408 P. 2d 662, we further hold that a sentencing court is vested with discretion in ascertaining whether a claim made under the foregoing statute is substantial before granting an evidentiary hearing thereon and requiring the petitioner's presence.

Viewing the present record as a whole, we cannot say that the trial court abused its discretion when it determined that the contentions placed before it by the petitioner did not merit an evidentiary hearing in the petitioner's presence, but that they could be resolved by reference to the files and records of the case itself.

Much of the petitioner's brief is devoted to the proposition that his pleas were induced by coercion, threats and promises and, consequently, were not freely and voluntarily made. This contention was never presented to the trial court. In fact, the petitioner concedes in his brief that this issue was not mentioned in his motion to set aside the judgment and vacate the sentence. We are therefore in no position to pass upon the question. This court will not consider, on appeal, issues which have not been presented to the trial court. (*Hardcastle v. Hardcastle*, 131 Kan. 319, 327, 291 Pac. 757; *Green v. Kensinger*, 193 Kan. 33, 38, 392 P. 2d 122; *State v. Talbert*, 195 Kan. 149, 152, 402 P. 2d 810, certiorari denied, 382 U. S. 868, 15 L. Ed. 2d 107, 86 S. Ct. 143.)

Our consideration of the record, and of the authorities herein cited, leads us to the conclusion that error was not committed by the trial court. Its judgment is therefore affirmed.