No. 44,903

JACK LAVON SMITH, *Appellant,* v. THE STATE OF KANSAS, *Appellee.*

(429 P. 2d 103)

Opinion filed June 10, 1967.

*Kirke C. Veeder,* of Independence, argued the cause and was on the brief for the appellant.

*Monte K. Heasty,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Timothy R. Emert,* Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This is an appeal from an order overruling a motion filed pursuant to K. S. A. 60-1507.

The appellant, Jack Lavon Smith (referred to herein as petitioner, or Smith) was convicted in 1963 on two counts of grand larceny. On appeal to this court, the convictions were upheld in *State v. Smith,* 193 Kan. 299, 392 P. 2d 902. Throughout both the trial and the appeal, Smith was represented by retained counsel of his own choice, Mr. Earl Thomas Reynolds, a member of the bar of this state residing at Coffeyville, Kansas.

In August, 1964, the petitioner filed a motion attacking the two sentences on various grounds. The trial court found that no substantial issues of fact were raised requiring either the appointment of counsel or the petitioner's presence. Accordingly the court proceeded to determine the matter on the files and records of the case and specifically found against Smith's several contentions. The motion was thereupon denied.

On this appeal Smith is represented by appointed counsel of long experience at the bar. Five points are raised. The first point pertains to the alleged incompetency of petitioner's prior counsel; the last four refer to the summary hearing of the petitioner's motion.

Incompetency of counsel is a familiar plaint heard with increasing frequency in this post-*Gideon* era. However, the metes and bounds of legal adequacy have never been precisely defined. On the one hand it has been said that the constitution does not guarantee an accused the assistance of the most brilliant counsel. (*State v. Woods,* 179 Kan. 601, 296 P. 2d 1114; *State v. Calhoun,* 194 Kan. 378, 399 P. 2d 886.) On the other hand this court has pointed out that where an attorney chosen by a defendant is so incompetent or so dishonest or so improperly conducts his client's case as to amount, in practical effect, to no representation at all, the defendant has been deprived of a fair trial and should be granted relief. (*Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147; *Converse v. Hand,* 185 Kan. 112, 340 P. 2d 874; *McGee v. Crouse,* 190 Kan. 615, 376 P. 2d 792.) We have stated also that the law requires honest, genuine and loyal representation on the part of legal counsel. (*State v. Calhoun,* supra; *Call v. State,* 195 Kan., 688, 408 P. 2d 668, cert. den., 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581.)

Between the boundaries thus drawn there is a considerable area of uncertainty which we shall not attempt at this time to explore in depth. We shall, instead, concentrate our attention upon the singular aspects of this particular case for the purpose of determining whether the trial court, which had access to the entire record of trial including the transcript was justified in finding, from an examination of the motion and the files and records in the case, that the petitioner was at all times represented by counsel of his own choosing, who was a regularly practicing and competent attorney, and that allegations of incompetency were not supported by the record.

We are aware that the attack upon counsel's competency is centered on four factors: failure to argue all grounds set forth in petitioner's motion for new trial; failure to present oral argument on appeal; failure to file a motion for rehearing of the appeal; and failure, on appeal, to specify as error the overruling of petitioner's motion for new trial.

As to the first complaint, it is said that counsel argued only one of the seven grounds contained in the motion for new trial. This is true, although Mr. Reynolds, in arguing the motion, included in that ground (verdict contrary to evidence) the alleged erroneous admission of a confession claimed by Smith to be involuntary. We view the complaint as insubstantial. As we believe is customary among experienced trial lawyers, Mr. Reynolds included in the

motion, as a matter of precaution, most of the statutory grounds for granting a new trial. (See K. S. A. 62-1603.) As is usual, also, it would appear that Reynolds argued only such points as he felt had real merit. We are forced to conclude that he was not far wrong in his evaluation.

In arriving at such a conclusion we have taken judicial notice of, and have studied, the abstract filed with this court in the criminal appeal. Courts may take judicial notice of earlier proceedings had in a case. (*In re Estate of Rothrock,* 173 Kan. 717, 252 P. 2d 598; *Ablah v. Eyman,* 188 Kan. 665, 365 P. 2d 181; *State v. Morris,* 190 Kan. 93, 372 P. 2d 282.) The rule is applicable here, for we have held that a post-conviction proceeding brought under K. S. A. 60-1507 is, in a substantive aspect, a part of the criminal cause from which it stems. (*Stahl v. Board of County Commissioners,* 198 Kan. 623, 426 P. 2d 134.)

As to the next contention, we conceive it to be the better practice, by far, for appellate counsel to be present on the date an appeal has been set for hearing. However, instances are not lacking where oral argument has been waived by counsel on one or both sides of a controversy. Accordingly, we are not prepared to say that failure of an attorney to make an oral argument on appeal is evidence of his legal incompetency. Especially is this true where, as in this case, counsel has prepared and filed the necessary brief and abstract.

It is somewhat traditional that motions for a rehearing of an appeal are rarely granted by this court. Hence, attorneys who have lost a case often do not file such motions. As we view the record of this petitioner's appeal from his conviction, we gain the impression that his counsel may not justly be charged with inadequacy in failing to file a motion for rehearing.

The charge of incompetency which gives us greatest pause is the failure of Mr. Reynolds to specify as error the overruling of petitioner's motion for new trial. Under our present rule, a failure of this character precludes the consideration of trial errors on appellate review, even though an alleged federal right may be asserted. (*State v. Aeby,* 191 Kan. 333, 381 P. 2d 356; *State v. Jolly,* 196 Kan. 56, 410 P. 2d 267.) Following the rule, this court declined to consider trial errors raised by the petitioner in his criminal appeal and limited the scope of the review to the sufficiency of the evidence to support the conviction. (See *State v. Smith,* supra.)

The foregoing rule is of a highly technical character. It was designed to promote definiteness and orderly procedure on appellate review by keeping the appellee, as well as this court, informed as to errors allegedly committed during the trial. (*State v. Aeby,* supra.) It would appear, however, that the rule is easily overlooked, for cases abound in the more recent volumes of the Kansas Reports, where appellate counsel have failed to specify as error the overruling of their client's motions for new trial. The list includes lawyers of considerable trial experience and ability whom we could not brand as incompetent. Nor are we willing so to stigmatize the petitioner's counsel in this case, who was chosen by petitioner not only to represent him during his trial, but to conduct his appeal, as well.

It is our conclusion that incompetency of counsel is not established.

The petitioner argues, however, that he should have been afforded an evidentiary hearing on his 60-1507 motion where, in person and by counsel, he could have presented evidence to support the claim that his confession was coerced and thus inadmissible at his trial. For reasons hereafter assigned, we reject his claim of error in this regard.

The rule is well settled that where substantial issues are lacking, an evidentiary hearing is not required to be held on a motion collaterally attacking a criminal judgment. Such is the undeniable import both of the statute (60-1507 [*b*]), and of Rule No. 121 (194 Kan. xxvii).

In *State v. Burnett,* 194 Kan. 645, 400 P. 2d 971, we had occasion to set out the several provisions of Rule No. 121 which relate to a hearing of a 60-1507 motion. In that case we said:

". . . The corollary of the requirement that a full, or plenary, hearing be accorded a prisoner, when substantial questions are raised, is the court's right to dispense with such a complete hearing and to determine the questions submitted in a more summary fashion whenever 'the files and records of the case conclusively show that the movant is entitled to no relief.'" (p. 647.)

The foregoing construction of Rule 121 has been approved and consistently followed in numerous cases. (See *Smith v. State,* 196 Kan. 438, 411 P. 2d 663; *Chappell v. State,* 197 Kan. 407, 416 P. 2d 786; *Davis v. State,* 197 Kan. 576, 419 P. 2d 832; and cases therein cited.)

The petitioner urges, nonetheless, that the trial court was obliged to hold a plenary hearing on his motion for the purpose of deter-

mining whether his confession was legally obtained and properly admitted in evidence at his trial. He argues that his confession was involuntary and that he was entitled to appear personally at an evidentiary hearing to testify in support of this claim.

However, the trial court found from the record of the trial itself that inquiry had been made into the voluntariness of Smith's confession before the same was admitted in evidence and that the confession was, at that time, determined to be voluntary. There is substantial evidence to support this finding.

Although the record filed in the present appeal does not reveal what actually occurred during the criminal trial, the abstract and counter abstract filed in the former appeal, when considered together, do disclose much of the evidence introduced at that trial, as well as certain proceedings had therein. We have adverted to those documents, of which, as we have said, judicial notice may be taken, and find that before Smith's confession was admitted the trial court conducted a hearing, out of the jury's presence, to determine its voluntary character and its admissibility. It was only after such a hearing was held, and after the court had found the confession to be voluntary, that the confession itself was admitted and the jury properly instructed as to how it should consider the same.

The procedure followed in admitting petitioner's confession into evidence at his trial clearly complied with the guidelines laid down by this court in *State v. Seward,* 163 Kan. 136, 181 P. 2d 478, and subsequent cases. (See *State v. Stubbs,* 195 Kan. 396, 407 P. 2d 215; *State v. Freeman,* 195 Kan. 561, 408 P. 2d 612, cert. den., 384 U. S. 1025, 16 L. Ed. 2d 1030, 86 S. Ct. 1981; *State v. Jenkins,* 197 Kan. 651, 421 P. 2d 33.) Thus, petitioner's motion presented no substantial question concerning the law as it then existed.

Since the record of the criminal trial was before it, the trial court was in a position to pass on the factual issues raised by Smith's motion in a summary manner. Smith had testified at length concerning his version of the circumstances under which his confession was given, as had the officers who received the confession. Reiteration of their testimony would have added nothing new for the court's consideration. We believe the court below was fully justified in refusing to hold a plenary hearing.

It is suggested that the guidelines formulated by the federal Supreme Court in *Escobedo v. Illinois,* 378 U. S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758 and *Miranda v. Arizona,* 384 U. S. 436, 16 L. Ed.

2d 694, 86 S. Ct. 1602 were not followed by those officers who questioned the petitioner and received his confession. Granting that such be true, the rules laid down in *Escobedo* and *Miranda* are not applicable to this case, for the criminal charges against Smith were tried in October, 1963, many months before the federal decisions came down. In *Johnson v. New Jersey*, 384 U. S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772, reh. den., 385 U. S. 890, 17 L. Ed. 2d 121, 87 S. Ct. 12, the United States Supreme Court held that neither *Escobedo* nor *Miranda* was to be given retroactive application; that *Escobedo* should be given effect only in cases where trial had begun after June 22, 1964 while *Miranda* should be applied solely to cases in which trial was commenced subsequent to June 13, 1966.

This petitioner was tried during the era when the test of a confession's admissibility was whether or not it was voluntary. To be sure, the circumstances under which a confession was made, and the advice given to an accused prior to and at the time a confession was obtained, were always relevant to the issue of voluntariness, but those matters were not decisive on the question of admissibility. As we have said, the court before which this petitioner was tried correctly followed the procedure recognized as being valid in pre-*Escobedo* and *Miranda* days.

We are constrained to hold that the trial court did not err in determining the issues raised by Smith's collateral motion from the pleadings, files and records in the case.

Other points raised by the petitioner as vitiating the summary hearing held by the trial court have been considered and found to be without merit.

No error being made to appear, the judgment of the court below *is* affirmed.