No. 44,884

WALTER CARTER, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(428 P. 2d 758)

Opinion filed June 10, 1967.

*Kirke C. Veeder,* of Independence, argued the cause and was on the brief for the appellant.

*Monte K. Heasty,* County Attorney, argued the cause, and *Robert C. Londer-holm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Walter Carter is serving a sentence in the Kansas State Penitentiary for the forcible rape of his thirteen year old daughter. After conviction by a jury he prosecuted an appeal to this court. His conviction was affirmed in *State v. Carter,* 192 Kan. 440, 388 P. 2d 594.

The prisoner then filed a motion to vacate judgment and sentence pursuant to K. S. A. 60-1507. The lower court summarily denied the motion and the present appeal followed.

Two grounds are set forth in the motion upon which movant bases his claim for relief. These are (1) inadequate counsel and (2) illegal evidence received at the trial. These identical matters were presented, considered and refuted on direct appeal. (See *State v. Carter,* supra.)

This court has said the procedure under K. S. A. 60-1507 cannot be used as a substitute for a second appeal. (Rules of the Supreme Court No. 121 (c) (4) [194 Kan. xxvii]; *Miles v. State,* 195 Kan. 516, 407 P. 2d 507; *Hanes v. State,* 196 Kan. 404, 411 P. 2d 643.) When the motion presents no questions except those previously raised and refuted on direct appeal it presents no substantial ques-

tion of law or issue of fact. Such a determination was properly made by the trial court in the instant case.

Normally this would dispose of the appeal but astute and diligent counsel, appointed to represent the movant on appeal, questions the sufficiency of the lower court's order on several additional grounds. He points out the motion to vacate was considered and determined without counsel being appointed for movant. The order denying the motion does not contain a finding appointment of counsel would not be to the prisoner's advantage as prescribed by K. S. A. 62-1304.

We cannot accept this argument. Supreme Court Rule No. 121 (*i*) (194 Kan. xxvii) governs the procedure applicable to K. S. A. 60-1507. Under this rule a trial court is required to appoint counsel only when substantial questions of law or triable issues of fact are presented in the motion. No such questions or issues were presented by appellant's motion.

K. S. A. 62-1304 applies only to arraignments and trials in criminal proceedings upon indictments or informations. It does not relate to proceedings under K. S. A. 60-1507.

Appellant questions the sufficiency of the hearing because the prisoner was not present and no evidentiary hearing was provided. We have repeatedly held the prisoner need not be transported to the hearing and no evidentiary hearing need be provided when no substantial questions of law and no triable issues of fact are presented in the motion. (Rules of the Supreme Court, No. 121 (*h*) [194 Kan. xxvii]; *State v. Burnett*, 194 Kan. 645, 400 P. 2d 971; *Blacksmith v. State*, 195 Kan. 523, 407 P. 2d 486.)

Appellant questions the sufficiency of notice of the hearing on the motion to vacate. The motion docket of the trial court listed all the cases and the dates for hearing including the appellant's case. The docket was mailed to the prisoner at the Kansas State Penitentiary six days prior to the time his motion was considered and denied. Appellant argues that this is insufficient notice for the prisoner is uneducated in law and unable to read and understand a court motion docket.

Regardless of the substance and sufficiency of such notice K. S. A. 60-1507 (*b*) provides when notice is required. Notice is required only when an evidentiary hearing is granted. If the motion and the files and records of the case conclusively show the prisoner is entitled to no relief the motion may be considered and determined in a summary way without notice to the movant. (*State v. Burnett,*

supra; *Blacksmith v. State,* supra; *McCall v. State,* 196 Kan. 411, 411 P. 2d 647; *Craig v. State,* 198 Kan. 39, 422 P. 2d 955.)

We have examined the authorities cited by appellant. They relate to cases in which substantial questions of law or triable issues of fact were presented in the motion to vacate. The trial court correctly determined from the motion to vacate and the files and records of the court no substantial questions of law or triable issues of fact were presented in the motion.

The judgment is affirmed.