No. 45,501

STATE OF KANSAS, *Appellee,* v. KIRT BROWN, *Appellant.*

(464 P. 2d 161)

Opinion filed January 24, 1970.

*Arthur A. Glassman,* of Topeka, argued the cause, and was on the briefs for the appellant.

*Gene M. Olander,* county attorney, argued the cause, and *Kent Frizzell,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is a direct appeal in a criminal action wherein the defendant pleaded guilty to charges of first degree murder (K. S. A. 21-401) and first degree robbery (K. S. A. 21-527) and was sentenced to consecutive terms in the state penitentiary of life imprisonment on the murder charge and ten to twenty-one years on the robbery charge.

The offenses of which defendant was convicted were the result of an armed robbery that occurred October 25, 1967, at the Kreipe Liquor Store in Topeka in which the clerk on duty, Eva C. Scott, was shot and killed. On October 27 the defendant was arrested as suspect in the commission of these offenses and taken to the police station for questioning. Following the taking of statements and the filing of a complaint in the Court of Topeka on the 28th, Sam A. Crow was appointed to represent the defendant. A preliminary hearing was held November 30, resulting in defendant's being bound over to the district court for trial. Again Mr. Crow was appointed counsel.

On April 22, 1968, the district court held a hearing on a motion filed by defendant to suppress certain evidence, including the extra-judicial statements made by him shortly after his arrest. Thereafter, a sanity commission, appointed by the trial court, found that defendant was not insane and that he understood the proceedings against him and was able to assist in his defense. The motion to suppress was eventually overruled May 14, and on the next day defendant entered pleas of guilty to the charges pending against him. The district court on May 24 heard evidence concerning the commission of the offenses and defendant's mental condition, and thereupon imposed sentence. Mr. Crow subsequently withdrew, and present counsel was appointed to present this appeal.

The thrust of defendant's appeal is that he was denied the effective assistance of counsel because (1) his attorney allowed him to plead guilty despite his mental condition at the time, and (2) in light of the facts and circumstances developed at the April 22 hearing on the motion to suppress, his attorney improperly permitted him to enter a plea of guilty on the next day following the denial of the motion.

The claim of ineffective assistance of counsel has become increasingly popular as a ground for relief in criminal appeals.

While each case must be judged on its own facts in assessing the merits of such a contention, we nevertheless are governed by well-grounded principles which have evolved from our decisions in recent years.

The right to effective assistance of counsel presupposes that counsel will be competent and capable of conducting a genuine defense on behalf of the accused. While the law does not guarantee the assistance of the most brilliant and experienced counsel, it does require honest, loyal, genuine and faithful representation on the part of counsel, be he retained or appointed. (*Johnson v. State*, 203 Kan. 947, 457 P. 2d 181; *State v. Wright*, 203 Kan. 54, 453 P. 2d 1.) On the other hand, where an attorney is so incompetent or so dishonest or so improperly conducts his client's case as to amount, in practical effect, to no representation at all, the defendant is deprived of a fair trial and is entitled to relief. (*Smith v. State*, 199 Kan. 293, 429 P. 2d 103, and cases cited therein.) The burden of showing denial of effective assistance of counsel to the extent necessary to overcome the presumption of regularity of the conviction is upon the defendant, and it is not sustained by the unsupported, uncorroborated statements of the one convicted. (*State v. Hemminger*, 203 Kan. 868, 457 P. 2d 141.)

Defendant first questions the effectiveness of his counsel's assistance on the basis there is no affirmative showing in the record as to defendant's mental condition at the time he entered his pleas of guilty and at the time of sentencing. Reference is made to testimony of Dr. Joseph Satten, a psychiatrist, who, at the hearing on sentence, stated that he, as a member of the sanity commission, had examined the defendant in April. Dr. Satten testified that from his examination he was able to draw some inferences about the defendant over a "long period of time . . . [E]vidence of mental abnormalities which were of long standing existed, but that the mental abnormalities did not interfere with the [defendant's] knowledge of what was going on at the current time or with his ability to cooperate with his counsel." The doctor described defendant as suffering from a latent schizophrenic reaction, and that defendant's symptoms were consistent with the predicament in which he then found himself. Defendant argues that this evidence, as well as other information in the record about his background, discloses he could not have freely and voluntarily entered a plea of guilty on May 15, 1968, or object to the imposition of sentence

on May 24; and since he could not appreciate his position, counsel should have sought additional psychiatric sources for the purpose of ascertaining defendant's mental condition at those crucial times. On the basis of the record before us, we believe defendant's argument to be patently without substance.

In this jurisdiction the sanity of an accused, for the purpose of being placed on trial, is determined by his present ability to comprehend his position, understand the nature and object of the proceedings against him, and to conduct his defense in a rational manner. Thus, if the defendant is capable of understanding the nature and object of the proceedings pending against him, if he comprehends his own condition with reference to such proceedings and can conduct his defense in a rational manner, he is, for the purpose of being tried, to be deemed sane, although on some other subject his mind may be deranged or unsound. (K. S. A. 1968 Supp. 62-1531; *State v. Childs,* 198 Kan. 4, 422 P. 2d 898; *Van Dusen v. State,* 197 Kan. 718, 421 P. 2d 197.)

As previously indicated, in April 1968 a sanity commission found the defendant sane and competent to stand trial, although at the time he was suffering from a mental illness described as latent schizophrenic reaction. The record is void of any suggestion that there had been a change in his mental condition at the time of his pleas or when sentence was imposed. Absent any showing that counsel had knowledge of other relevant facts not brought to the attention of the commission that would give him reason to believe there was a real doubt concerning the sanity or mental ability of the accused to comprehend his position or assist in his defense, counsel was under no obligation to pursue the matter further. Nor was counsel derelict in any professional sense in allowing his client to plead guilty under the circumstances. As indicative of Mr. Crow's diligence in pursuing his client's cause, we note that the full nature of defendant's mental problems was brought to the court's attention by defense counsel at the hearing on sentence and may well have been a mitigating factor, in view of the sentence actually imposed on the murder charge.

The second prong of defendant's claim of ineffective assistance of counsel is equally without merit. The motion to suppress filed by Mr. Crow was directed to the statements given by defendant shortly after his arrest, and also the murder weapon recovered by the police as a result of information given them by the defendant.

A full evidentiary hearing was held, and the question of whether the statements were voluntarily given was thoroughly explored. In addition, defense counsel prepared and submitted a comprehensive brief in support of his contention that the statements and weapon were constitutionally inadmissible. After the court overruled the motion, the defendant was placed in the position of going to trial, with the very real possibility that the evidence sought to be suppressed would be used against him. At this point he was faced with the decision of whether or not to plead guilty. Which course of action would be a greater risk was a matter to be determined by defendant after consultation with his attorney. Both defendant and Mr. Crow were familiar with the evidence in possession of the state, as disclosed at the preliminary hearing. Further, the facts developed at the hearing on the motion to suppress left no doubt that the case fell squarely within the felony murder rule and that evidence of guilt was overwhelming. The assertion of ineffective assistance of counsel cannot be sustained by the mere fact the decision to plead guilty was made one day after the motion to suppress was denied. Before accepting defendant's pleas of guilty, the trial court went to great lengths in inquiring about their providency and defendant's understanding of his rights. From the colloquy shown in the record we are satisfied defendant had conferred fully with his attorney and the pleas were freely and voluntarily entered with full knowledge of the probable consequences. Defendant chose to plead guilty, and in doing so may well have taken into consideration the possibility that the death penalty would not be imposed. He gambled and won; hence, he is not now in a position to urge that his counsel was ineffective and failed to attain the desired results. Even had the strategy adopted proved unsuccessful, defendant cannot be heard to complain. In *Brown v. State*, 198 Kan. 527, 426 P. 2d 49, this court stated:

". . . [W]here an indigent defendant is represented by counsel, and after consulting with appointed counsel enters a plea of guilty to the charge or charges . . . the strategy adopted is his own choice and he cannot be heard to complain on appeal if, upon adopting such trial strategy, he fails to attain the desired result. . . ." (p. 530.)

Defendant acknowledges our rule that where an accused pleads guilty he is deemed to have waived irregularities which may have occurred in the proceeding prior thereto (*State v. Kilpatrick*, 201

Kan. 6, 439 P. 2d 99), and thus, whether a confession would have been admissible at trial is no longer relevant (*Allen v. State,* 199 Kan. 147, 427 P. 2d 598). Nevertheless, defendant argues the trial court's ruling on the motion to suppress was manifestly erroneous, and suggests Mr. Crow was derelict in not taking an immediate appeal before permitting his client to plead guilty. In this jurisdiction we have no procedure for an intermediate appeal of this nature. Whether the ruling could have been tested in any other way, we need not decide. The failure of counsel to seek review of the trial court's decision cannot, under the circumstances, be charged as ineffective assistance of counsel. Moreover, there was abundant evidence to sustain the trial court's ruling on the motion.

Mr. Crow is an active member of the bar of this state, thoroughly grounded and experienced in the trial of criminal cases. Any action or inaction taken by him must be charged to strategy rather than ignorance of the law. After careful examination of this record we can scarcely imagine a criminal case where an accused received more adequate and professional representation by his attorney than that accorded the defendant here. The effective assistance of counsel cannot be equated with the successful assistance of counsel. (*Johnson v. State,* supra.) The adequacy of an attorney's services on behalf of an accused must be gauged by the totality of his representation, not by fragmentary segments analyzed in isolated cells. (*Call v. State,* 195 Kan. 688, 408 P. 2d 668, cert. denied, 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581.) The record establishes that Mr. Crow diligently and faithfully performed his duties as defense counsel throughout the entire proceedings. Under all the circumstances, defendant's accusations that he was denied the effective assistance of counsel must be regarded as utterly frivolous and irresponsible.

The judgment is affirmed.