No. 46,438

David Thomas Kowalec, *Appellant,* v. State of Kansas, *Appellee.*

(493 P. 2d 244)

Opinion filed January 22, 1972.

*Michael G. Norris,* of Payne and Jones, Chartered, Olathe, argued the cause and was on the brief for the appellant.

*James A. Wheeler,* county attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Foth, C.: Appellant, an inmate of the state penitentiary, filed a motion under K. S. A. 60-1507 to vacate his sentence which had been imposed upon his conviction of burglary in the second degree and larceny in connection therewith. The sole ground urged in his motion as invalidating his conviction was the admission into evidence at his trial of certain items taken from his car as the result of what he claims was an illegal search and seizure.

The lower court appointed counsel for appellant, set the matter for hearing and ordered appellant produced for the hearing. Before the hearing date, however, a pre-trial conference was held, at which the court considered the State's motion to dismiss. At this conference it was developed from the original files that appellant's search and seizure question had been fully aired on a pre-trial motion to suppress; the trial court's determination of the issue had been considered and upheld by this court in affirming the conviction on direct appeal, *State v. Kowalec,* 205 Kan. 57, 468 P. 2d 221.

It further appeared that appellant's counsel in this proceeding,

after a careful review of the original file and transcripts and extensive discussion of the matter with appellant, was unaware of any evidence which had not been fully presented to and considered on the original pre-trial motion, at trial, and in this court.

The result was a dismissal of the proceeding without the evidentiary hearing originally contemplated, followed by this appeal from that dismissal.

Here, appellant recognizes our rule and our decisions that a 60-1507 proceeding may not ordinarily be employed as a substitute for a second appeal. (Rule No. 121 [c] [3]; *Jones v. State,* 204 Kan. 839, 466 P. 2d 353; *Carter v. State,* 199 Kan. 290, 428 P. 2d 758). This case does not fit into any of the exceptions to this rule that we have heretofore recognized, and appellant so concedes. He nevertheless insists that it was error to dismiss without an evidentiary hearing, contending that the trial court, once having appointed counsel for him, was bound to afford him such a hearing.

The argument goes something like this: (*a*) under the rule a trial court must grant a hearing unless "the files and records *conclusively* show that the movant is entitled to no relief," and counsel must be appointed if the motion presents "substantial questions of law or triable issues of fact;" (*b*) the court here thought it necessary to appoint counsel, thereby implicitly recognizing the existence of such questions of law or issues of fact; (*c*) therefore the files and records could not "conclusively" show that appellant was entitled to no relief.

Intriguing though this syllogism may be, we think this case aptly illustrates its fallacy. The appointment of counsel is not *forbidden* where substantial questions of law or triable issues of fact are *absent,* it is only *required* when they are *present.* Here the appointment of counsel proved, ultimately and by hindsight, to have been technically unnecessary under the test laid down by the rule. In the meantime it performed the valuable function of assuring the trial court, first, that there was not concealed beneath the opaque prose of a layman's pleading some justiciable issue requiring a plenary hearing, and, secondly, that to decide the one issue presented there was nothing outside the "files and records" which needed to be considered. Once it received such assurance the court below properly disposed of the proceeding summarily, and its judgment is affirmed.

APPROVED BY THE COURT.