No. 49,333

STATE OF KANSAS, *Appellant*, v. RON PALERMO, *Appellee*.

(579 P.2d 718)

Opinion filed June 10, 1978.

*Larry McClain,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Dennis W. Moore,* district attorney, and *Richard S. Wetzler,* assistant district attorney, were on the brief for the appellant.

*J. Roy Holliday, Jr.,* of Hackler, Londerholm, Speer, Vader & Austin, Chartered, of Olathe, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal by the state asking this court to reverse a judgment of acquittal and reinstate a jury verdict. The defendant was charged with sale of heroin (K.S.A. 1977 Supp. 65-4127a).

This case began in the spring of 1976 in Johnson County, Kansas, when officers of the Johnson County sheriff's office arrested Stanley Shrout for possession of marijuana. Upon learning that Shrout might have knowledge of drug traffic in the Kansas City metropolitan area, the City-County Investigative Squad (C.C.I.S.) convinced Shrout he should become an informant. In exchange for cooperation the C.C.I.S. agreed not to seek prosecution for possession of marijuana, granted Shrout immunity for other drug possession charges, and paid him certain specified sums of money for successful "busts." According to the terms of the arrangement Shrout would arrange buys with drug dealers so the C.C.I.S. could make drug arrests.

On April 22, 1976, Shrout contacted Billy Morgan, a drug dealer who lived in Missouri, to arrange a heroin buy. Morgan did not have any heroin but told Shrout he would get in contact with someone who could get him some heroin. Morgan contacted the defendant, Ron Palermo. Defendant also said he did not have any heroin, but he knew how he could get some.

Morgan was reluctant to come into Kansas and told Shrout he would have to come into Missouri to pick up the heroin. When Shrout relayed this information to the C.C.I.S. it told him to offer Morgan money to come into Kansas with the drugs; otherwise the C.C.I.S. could not arrest Morgan for the sale of heroin. After being offered a sum of money for travel expenses, Morgan agreed to drive from his home in Grandview, Missouri, to a predetermined location a few feet inside the Kansas state line. Morgan contacted defendant and they agreed to conclude the sale. Morgan then drove to Kansas where he met Shrout. Shrout gave Morgan the buy money and Morgan drove to meet defendant. Defendant and Morgan drove to an apartment complex in Kansas City, Missouri. Defendant went into the apartment with the money and returned to the car a short time later with a packet of heroin. Morgan then took defendant home and delivered the drugs to Shrout, who was waiting in Kansas. A second purchase using the same procedure took place the next day.

Criminal charges were commenced in Kansas against defendant for the sale of drugs to Shrout. During trial defendant moved to acquit on the basis the court had no jurisdiction. The trial court reserved its ruling and the trial proceeded. The jury found defendant guilty. After trial defendant filed another motion for acquittal. Upon reconsideration the trial court agreed the State of Kansas had no jurisdiction to file the charges and acquitted defendant. The state took this appeal.

The first issue concerns the question of jurisdiction. It is the state's theory here and at trial that defendant is guilty of the crime for which he was convicted because he aided and abetted Morgan in the sale of heroin to Shrout and the sale took place in Kansas. According to the state, jurisdiction to try defendant attaches because of K.S.A. 21-3104, which states:

"(1)   A person is subject to prosecution and punishment under the law of this state if:

"(a)   He commits a crime wholly or partly within this state; or

"(b)   Being outside the state, he counsels, aids, abets, or conspires with another to commit a crime within this state;   .  .  ."

We do not dispute the theory of law that an aider and abettor may be tried and convicted in the same manner as a principal (K.S.A. 21-3104[1]; *State v. Smolin,* 221 Kan. 149, 557 P.2d 1241 [1976]). This rule does not control the question before us.

The concept of vicarious criminal responsibility includes the idea that an aider and abettor is guilty because he intentionally aids and abets another in the commission of a crime (K.S.A. 21-3104[1]), or that in the pursuance of committing an intended crime it is reasonably foreseeable that another crime is committed or attempted (K.S.A. 21-3104[2]). The state cannot hold an accomplice liable for a crime totally unforeseeable. Jurisdiction over a defendant for his criminal act exists because the act was committed, intended to be committed, or foreseeably could have been committed within the state seeking to prosecute the defendant. In *Strassheim v. Daily,* 221 U.S. 280, 285, 55 L.Ed. 735, 31 S.Ct. 558 (1910), the United States Supreme Court held that a state may prosecute an individual for acts done outside a jurisdiction when he intends to and does commit a crime within that jurisdiction. See also, *Commonwealth v. Thomas,* 410 Pa. 160, 189 A.2d 255, 5 A.L.R.3d 879, cert. denied 375 U.S. 856, 11 L.Ed.2d 83, 84 S.Ct. 118 (1963). We feel the natural corollary to this rule is that a state does not have jurisdiction over an individual for a crime committed within that state when he was located outside the state, did not intend to commit a crime within the state, and could not reasonably foresee that his act would cause, aid or abet in the commission of a crime within that state.

Here the evidence shows, and the state concedes, that this defendant did not intend to sell drugs in Kansas, nor did he have any idea the drugs were purchased for resale in this state. Under the facts of this particular case the trial court had no jurisdiction to try defendant for the sale of heroin in Kansas and it was correct in acquitting defendant.

In view of our conclusion on jurisdiction, other points raised by the parties need not be considered.

The judgment is affirmed.