**STATE OF HAWAII**, Plaintiff–Appellee, v. **CATHERINE F. MEYERS**, also known as Catherine Pierce, Defendant–Appellant

NO. 15199

(CR. NO. 90–0304)

FEBRUARY 11, 1992

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY HAYASHI, J.

Defendant–Appellant Catherine F. Meyers (Meyers) appeals her conviction for the offense of terroristic threatening in the first degree in violation of Hawaii Revised Statutes (HRS) § 707–716.

I.

On February 8, 1990, Meyers telephoned her probation officer Elva Higashi (Higashi), from San Diego, California. Higashi received the call in her Honolulu office. Meyers conveyed to Higashi numerous threats aimed at Judge Michael Town and his family. Meyers told Higashi: (1) she planned to machine gun Judge Town's office and would take down as many people as she could in the process; (2) she would "get a killer to kill him" if she could not get Judge Town off the bench; (3) she would "get" Judge Town's children if she could not "get" him; and (4) that there would be "lots of murders" and if she gets turned down again, she could hire a lot of people to kill. Meyers also informed Higashi that she had purchased and registered a gun in her name in California. Apparently the motivation underlying these threats was due to the fact that several years earlier Judge Town had granted permanent guardianship of Meyers's daughter to the daughter's foster parents because of Meyers's unfitness and mental instability.

After receiving the telephone call, Higashi contacted Judge Town and warned him of Meyers's threats. Based upon Meyers's threats to Judge Town, she was indicted for the offense of terroristic threatening in the first degree. Prior to the start of trial, Meyers filed a motion to dismiss the indictment based on the State's lack of jurisdiction. The motion was denied, and thereafter, trial commenced. After the State rested its case in chief, Meyers reasserted her motion to dismiss, along with a motion for judgment of acquittal based on the same jurisdictional grounds. These motions were also denied, and subsequently, Meyers was convicted of the offense.

The sole question to be resolved by this court is whether the State of Hawaii possessed subject matter jurisdiction over the crime charged so that it could prosecute Meyers. Meyers contends that she cannot be prosecuted in Hawaii because the offense she committed occurred outside of this state. Meyers's basic argument

on this issue is that the crime occurred in California, where all of the acts constituting the offense of terroristic threatening were undertaken and completed. We disagree with Meyers's contention and find that she engaged in conduct which occurred within the State of Hawaii. We hold, therefore, that subject matter jurisdiction was properly lodged in Hawaii.

## II.

Jurisdiction of the offense charged and of the person of the accused is a fundamental and indispensable prerequisite to a valid prosecution. *Rios v. State*, 733 P.2d 242, 244 (Wyo.), *cert. denied*, 484 U.S. 833 (1987); 22 C.J.S. *Criminal Law* § 150, at 183 (1989). An accused's actual presence in a state at the time the crime is committed, however, is not necessary to establish subject matter jurisdiction. "Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a state in punishing the cause of the harm as if he had been present at the effect, if the state should succeed in getting him within its power." *Strassheim v. Daily*, 221 U.S. 280, 285 (1911).

Meyers does not dispute the State's evidence that she placed a threatening phone call, directed at Judge Michael Town, to Elva Higashi. HRS §§ 707–715 and 707–716 provide in pertinent part:

> **§ 707–715 Terroristic threatening, defined.** A person commits the offense of terroristic threatening if he threatens, by word or conduct, to cause bodily injury to another person or serious damage to property of another or to commit a felony:
>
> (1) With the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person . . . .
>
> **§ 707–716 Terroristic threatening in the first degree.** (1) A person commits the offense of terroristic threatening in the first degree if he commits terroristic threatening:

. . . .

    (c)   Against a public servant . . . .

To "threaten" is to "utter a threat against." **RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE** 1975 (1987). A "threat," in turn, is defined as "[a] communicated intent to inflict physical or other harm on any person or property." **BLACK'S LAW DICTIONARY** 1480 (6th ed. 1990). To be subject to criminal prosecution for terroristic threatening, therefore, the threat must be conveyed to either the person who is the object of the threat or to a third party. "An uncommunicated threat, by definition, cannot threaten. . . . [A] person making threats does not commit a crime until the threat is heard by one other than the speaker." *United States v. Baish*, 460 A.2d 38, 42 (D.C. 1983). When the telephone is employed as an instrument to transmit threats, it is clear that the caller must communicate the threats to someone on the receiving end of the telephone line. Threats uttered to a busy signal, a dial tone, or to a series of unanswered rings threaten no one.

We find the reasoning in *Baish* persuasive. In that case, the complainant received numerous threatening telephone calls at her residence in the District of Columbia. The defendant argued that the trial court lacked jurisdiction because the government failed to establish that the telephone calls originated in the District of Columbia. The Court of Appeals for the District of Columbia rejected the defendant's argument and concluded that "both the utterance and the communication of the threatening language are integral components of the offense of making threats to do bodily harm. Once uttered, the words must be communicated to complete the offense. Proof that either component occurred within the District establishes a basis for prosecution . . . ." 460 A.2d at 43.

HRS § 701–106 delineates the scope of Hawaii's criminal jurisdiction. It provides in pertinent part:

    **§ 701–106 Territorial applicability.** (1) Except as otherwise provided in this section, a person may be

convicted under the law of this State of an offense committed by his own conduct or the conduct of another for which he is legally accountable if:

    (a)   Either the conduct or the result which is an element of the offense occurs within this State . . . .

We hold that for purposes of establishing criminal jurisdiction, a telephone call constitutes conduct in the jurisdiction in which the call is received. Although Meyers's threats were uttered from California, the threats were communicated to Elva Higashi in Hawaii. Thus, because Higashi heard the threats in Hawaii, jurisdiction over the offense properly lies in the State of Hawaii.

Our conclusion comports with the view that HRS § 701–106 provides a broad jurisdictional basis for criminal prosecution. HRS § 701–106 is derived from and essentially equivalent to the Model Penal Code's approach to the territorial applicability of criminal statutes. The primary purpose of Model Penal Code § 1.03 was to enlarge a given state's jurisdiction.[1] Our statute seeks the same objective. The commentary on HRS § 701–106 explains that "[t]he intent of this section is to expand the penal jurisdiction of Hawaii's courts to the fullest extent possible, within the limits of fundamental fairness and constitutionality."

Prior to enactment of HRS § 701–106, persons were subjected to Hawaii's penal laws pursuant to HRS § 701–5 (1968).[2] Un-

---

[1] The explanatory notes following Model Penal Code § 1.03 state in part:

On the premise that it is particularly desirable in a federated state to increase jurisdictional options and that if a state's assertion of jurisdiction does not result in unfairness to the person charged, the state should be accorded jurisdiction over all those who engage in conduct that affects the state's interests, the Code proposes broad jurisdictional bases, within the limits of due process.

MODEL PENAL CODE § 1.03 explanatory note at 35 (1985).

[2] HRS § 701–5 provided:

Where an act is done or a fact of effect takes place within the State, affecting the welfare of the State, or the personal safety, the property or rights of any of

doubtedly the State of Hawaii would have maintained jurisdiction in this case under HRS § 701–5 as the threats affected the safety of persons within the state. It is readily apparent, therefore, that the State of Hawaii possesses jurisdiction over Meyers through the more expansive scope of our present statute.

## IV.

Based on the foregoing reasons, we hold that the State of Hawaii possessed subject matter jurisdiction over Meyers's prosecution. Accordingly, Meyers's conviction is affirmed.

*Jonathan W. Leeds*, for Defendant–Appellant.

*Daniel Morris (S. Gail Robertson* on the brief), Deputy Attorneys General, for Plaintiff–Appellee.

---

its inhabitants, being within the State, any person causing, procuring, machinating or promoting the same, or instigating another thereto, or aiding or assisting therein, is amenable to the laws of the State, whether he be at the time within or without its limits.