# IN THE COURT OF APPEALS OF IOWA

No. 13-1397
Filed June 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellant,

**vs.**

**DEMETRIUS S. RIMMER,**
        Defendant-Appellee.
_____

**STATE OF IOWA,**
        Plaintiff-Appellant,

**vs.**

**RONA MURPHY,**
        Defendant-Appellee.
_____

**STATE OF IOWA,**
        Plaintiff-Appellant,

**vs.**

**MELONICKA THOMAS,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Mary E. Howes,

Judge.


        The State of Iowa appeals from the district court's dismissal of charges

against three defendants for lack of territorial jurisdiction.  **REVERSED AND**

**REMANDED ON ALL THREE APPEALS.**

Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Michael J. Walton, County Attorney, and Kelly Cunningham, Assistant County Attorney, for appellant.

Mark C. Smith, Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellee Rimmer.

Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellee Murphy.

Jack E. Dusthimer, Davenport, for appellee Thomas.

Heard by Danilson, C.J., and Tabor and Bower, JJ.

**BOWER, J.**

The State of Iowa appeals the district court's dismissal of charges against Demetrius Rimmer, Rona Murphy, and Melonicka Thomas, for lack of territorial jurisdiction. Because we find Iowa has territorial jurisdiction, we reverse and remand the caseS to the district court.

## I. BACKGROUND FACTS AND PROCEEDINGS

According to the trial information and minutes of testimony, the defendants engaged in a conspiracy to defraud car insurance companies.[1] Rimmer (a resident of Wisconsin) had possession of a vehicle he insured with a Wisconsin-based provider. Approximately two weeks after purchasing insurance, he staged a car accident with Murphy and Thomas (both residents of Illinois) in Chicago. Subsequently, Rimmer dialed the 1-800 number listed on the back of his insurance card to report the accident. He was transferred from a call center in Kentucky to a claims representative in Iowa. According to the minutes of testimony, it was at that time Rimmer provided the representative with a false claim, seeking in part to defraud the insurance company for the staged accident.

All three defendants had multiple telephone contacts with the Iowa claims representative and later with an insurance investigator. The defendants were at all times in either Wisconsin or Illinois and did not know they were speaking with individuals located in Iowa.

---

[1] "We accept as true the facts alleged by the State in the trial information and the minutes of testimony" when reviewing a ruling on a motion to dismiss. *State v. Finders*, 743 N.W.2d 546, 548 (Iowa 2008). Therefore, our description of the factual background of the case reflects allegations rather than proven facts against the defendants.

The insurance provider did pay the defendants for the fraudulent claims. Those payments were issued through the provider's Wisconsin-based bank.

After the insurance company and law enforcement conducted parallel investigations, it was determined the defendants had defrauded the insurance company. Based on a report from the insurance investigator, Illinois prosecutors were aware of "several cases" involving the defendants' insurance fraud scheme, but no charges were filed.

The State of Iowa, however, filed a trial information on May 2, 2013.[2] The State claimed Iowa had territorial jurisdiction over the defendants' conduct because the insurance provider's claims representative and investigator operated out of an office in Scott County, Iowa. There is no evidence the defendants knew these individuals were in Iowa when they spoke on the phone. The investigator's only in-person contact with any of the defendants occurred when he left Iowa to attempt to meet the defendants at their homes in Illinois and Wisconsin.

The defendants objected to this prosecution on jurisdictional grounds. The district court found there was no evidence the defendants intended to produce detrimental effects in Iowa nor was there evidence any such detrimental effect in fact occurred in Iowa. Lastly, the court found the State's evidence failed to establish that any element of the charged crime occurred in Iowa. Based on these findings, the district court dismissed the charges. The State now appeals.

---

[2] The defendants were charged with ongoing criminal conduct, theft in the second degree, conspiracy to commit a non-forcible felony, fraudulent practices and fraudulent submission.

## II. STANDARD AND SCOPE OF REVIEW

We review issues concerning territorial jurisdiction for errors at law. *State v. Wedebrand*, 602 N.W.2d 186, 188 (Iowa Ct. App. 1999); *see also* Iowa R. App. P. 6.907.

## III. DISCUSSION

### A. Applicable Law

The State may claim jurisdiction over these defendants under Iowa Code section 803.1 (2011). Section 803.1 provides, in relevant part:

> 1. A person is subject to prosecution in this state for an offense which the person commits within or outside this state, by the person's own conduct or that of another for which the person is legally accountable if:
>     a. The offense is committed either wholly or partly within this state.
>     b. Conduct of the person outside the state constitutes an attempt to commit an offense within this state.
>     c. Conduct of the person outside the state constitutes a conspiracy to commit an offense within this state.
>     d. The offense is based upon a statute that specifically prohibits conduct wholly outside of the state, and the conduct bears a reasonable relation to a legitimate state interest, and the person knows or should know that the conduct is likely to affect that interest.
>     . . . .
>     2. An offense may be committed partly within this state if conduct which is an element of the offense or a result of which constitutes an element of the offense occurs within this state.

Iowa Code § 803.1(1)(a)–(d), (2). "Under this language, the State need only prove the occurrence in Iowa of one of the essential elements of [the crime] beyond a reasonable doubt in order to confer territorial jurisdiction upon the State of Iowa." *State v. Serrato*, 787 N.W.2d 462, 468 (Iowa 2010). The element

occurring in Iowa may be either an actus reus element or a mens rea element.[3]

*Id.*

When evaluating whether an element of the offense occurs within the state, we will only consider elements describing conduct, not a status. *See State v. Wagner*, 596 N.W.2d 83, 86 (Iowa 1999) (holding an element requiring the defendant to have been convicted of a felony did not contemplate any certain conduct by a defendant; such an element therefore cannot "occur[] in Iowa").

The State claims the district court failed to analyze each element of the crimes charged to determine whether a crime occurred in Iowa. The State asks us to undertake a "straightforward, element-by-element analysis of the charged offenses." We first consider whether a defendant's statement to persons in Iowa by telephone constitutes conduct in Iowa, particularly when that defendant has no reason to know where the other persons are located. The State does not allege any other conduct by the defendants in Iowa. Therefore, if those telephone conversations do not establish conduct in Iowa, none of the elements of the crimes charged could have occurred in Iowa, and an element-by-element analysis of the charges would be unnecessary.

### B. Telephone Conversations as In-State Conduct

Our jurisprudence has not definitively answered the question of whether Iowa courts consider speaking telephonically or engaging electronically with a person in our state is sufficient to constitute conduct in Iowa. As a result, the

---

[3] The State does not argue a mens rea element was formed in Iowa. The evidence shows none of the defendants were present in Iowa at any point relevant to these proceedings to support the development of any necessary mens rea element.

parties refer us to other jurisdictions that have considered the issue.[4]  Notably,

neither party has cited to any case finding jurisdiction over a criminal defendant

was proper where the defendant had no knowledge of his contact with a person

in the prosecuting state and the defendant was never present in the prosecuting

state.

The defendants ask us to consider that they had no knowledge of any

contact with any person in Iowa.  If they are to be subjected to Iowa's criminal

laws, they argue, they "must at minimum be put on actual or constructive notice

that they are subjecting themselves to Iowa law."  They ask us to follow the

Kansas Supreme Court in holding

> that a state does not have jurisdiction over an individual for a crime
> committed within that state when he was located outside the state,
> did not intend to commit a crime within the state, and could not
> reasonably foresee that his act would cause, aid or abet in the
> commission of a crime within that state.

*State v. Palermo*, 579 P.2d 718, 720 (Kan. 1978).  The flaw with this case is it is

reasonable the defendants knew or should have known they were committing a

---

[4] *See Black v. State*, 819 So. 2d 208, 211 (Fla. Dist. Ct. App. 2002) (finding jurisdiction over defendants proper where the victim of the fraud was a county within the prosecuting state); *State v. Meyers*, 825 P.2d 1062, 1064 (Haw. 1992) (relying on federal case law and finding jurisdiction proper because the defendant intended her threats to produce effects in the prosecuting state); *State v. Breed*, 977 A.2d 463, 466 (N.H. 2009) (considering a case in which the defendant purported to provide services to an entity in the prosecuting state); *People v. Carvajal*, 845 N.E.2d 1225, 1231 (N.Y. 2005) (applying a state statutory provision expressly conferring jurisdiction over a defendant who had also furthered a criminal conspiracy by visiting the prosecuting jurisdiction on multiple occasions); *State v. Campa*, No. C-010254, 2002 WL 471174, at *2 (Ohio Ct. App. Mar. 29, 2002) (finding jurisdiction proper where "ample evidence" showed the defendant was aware he was conversing with a person in the prosecuting jurisdiction and planned to deliver illicit substances into the prosecuting jurisdiction as a result of those discussions); *Carrillo v. State*, No. 08-04-00118-CR, 2005 WL 1992521, at *1 (Tex. App. Aug. 18, 2005) (applying a specific statutory provision contemplating harassment via telephone to facts in which the calls were both made and received in the prosecuting jurisdiction); *Shappley v. State*, 520 S.W.2d 766, 768 (Tex. Crim. App. 1974) (holding language of state's statute regulating transfer of investment securities applied where defendant intentionally reached out to buyers in Texas).

crime or aiding and abetting a crime in *a state*, although they may not have known which state.

The State, on the other hand, asks us to limit our analysis solely to the loci of the elements of the crimes charged. In one of the State's most on-point extra-jurisdictional citations, the Supreme Court of Hawaii cited the commentary to its jurisdictional statute in holding the "intent of [the criminal jurisdiction statute] is to expand the penal jurisdiction of Hawaii's courts to the fullest extent possible, *within the limits of fundamental fairness and constitutionality.*" *Meyers*, 825 P.2d at 1065 (emphasis added).

It is well-established that within the realm of civil litigation, a state may not exert in personam jurisdiction over a party unless the party's conduct is such that "he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 311 (1980). Specific personal jurisdiction has two requirements:

> Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, [due process] is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities.

*Capital Promotions, L.L.C. v. Don King Prods., Inc.*, 756 N.W.2d 828, 834 (Iowa 2008) (alteration in original) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985)). "A single contact with the forum state can be sufficient to satisfy due process concerns when the plaintiff's claim arises out of the contact." *Shams v. Hassan*, 829 N.W.2d 848, 855 (Iowa 2013). Physical presence in the forum is not essential, but the court must investigate the nature and quality of the

contacts between the defendant and the forum. *See Addison Ins. Co. v. Knight, Hoppe, Kurnik & Knight, L.L.C.*, 734 N.W.2d 473, 478 (Iowa 2007).

We find a telephone conversation may constitute conduct within the state even where the defendants (while located out of state) do not have actual knowledge the other speaker is located in Iowa. When these defendants decided to conduct a multi-state conspiracy to defraud an insurance company, they ran the risk that some of the company's employees would be located in another jurisdiction. Deliberate indifference to the location of the recipients of the false information does not shield the defendants from the jurisdiction of Iowa courts. We also find, based on the specific facts in this case, the defendants could have reasonably anticipated they would be subject to criminal prosecution in a state by providing fictitious and fraudulent information solely by the phone calls in question. Although none of the defendants were present in Iowa and the victim insurance company is a Wisconsin entity, as is the bank. We determine that acts done outside a jurisdiction that are intended to cause harm and a detrimental effect in the jurisdiction justify the state's involvement. Although the contacts were minimal, we find the contacts were sufficient for the State to acquire territorial jurisdiction. We should not bar the State of Iowa in pursuing its valid interest in protecting its citizens and institutions. To hold otherwise would be contrary to legitimate state concerns.

Because the phone calls at issue constituted conduct by the defendants within the State of Iowa and the trial information and minutes of testimony support the conclusion the defendants committed the offenses charged, if the alleged facts are proven at trial. We reverse the district court's dismissal of these

cases for lack of jurisdiction and remand to the district court for further proceedings consistent with this ruling.

**REVERSED AND REMANDED ON ALL THREE APPEALS.**