NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5669-17T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

ROBERT ALOI,

    Defendant-Respondent.

_____

<div style="border:1px solid">

**APPROVED FOR PUBLICATION**

**February 26, 2019**

**APPELLATE DIVISION**

</div>

Argued January 16, 2019 – Decided  February 26, 2019

Before Judges Fuentes, Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 18-02-0295.

David M. Liston, Assistant Prosecutor, argued the cause for appellant (Andrew C. Carey, Middlesex County Prosecutor, attorney; David M. Liston, of counsel and on the brief).

Eric M. Mark argued the cause for respondent (Law Offices of Eric M. Mark, attorneys; Eric M. Mark, on the brief).

The opinion of the court was delivered by

VERNOIA, J.A.D.

The State appeals from an order dismissing an indictment charging defendant Robert Aloi with second-degree attempted theft by extortion. Based on our review of the record in light of the applicable law, we conclude the court erred by finding the State failed to present sufficient evidence to the grand jury establishing territorial jurisdiction over the alleged offense in the State of New Jersey pursuant to N.J.S.A. 2C:1-3(a), and reverse.

I.

Defendant was charged in an indictment with second-degree attempted theft by extortion, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:20-5(c). The indictment alleged that in August and September 2017, in the Township of Edison, defendant purposely attempted to obtain property from H.R.[1] by making threats to expose or publicize secret or asserted facts tending to subject H.R. to hatred, contempt or ridicule or to impair his reputation and took the substantial step of communicating the threats to H.R.'s representative for the purpose of obtaining money in exchange for not making the threatened disclosures.

The evidence presented to the grand jury showed that in 2017 defendant contacted a New York charitable organization to "get in touch with H.R.," a

_____

[1] The record before the grand jury and motion court refers to "H.R." solely by his initials.

member of the charity's board. The organization forwarded defendant's information to H.R.'s lawyer, whose office is located in Edison, New Jersey.

The attorney called defendant from her office and recorded the call. Defendant, who lives and works in Maryland, told the attorney he had information that H.R. paid women for sex and physically abused the women. Defendant referenced a New York Police Department report about an incident involving H.R. at his New York apartment, and said he had information concerning the matter beyond what was included in the police report. Defendant said he knew H.R. was married and sat on the boards of several charities, and referred to the potential consequences for H.R. if the information he possessed became public.

In an August 23, 2017 email from defendant to the attorney, he made various demands in exchange for his agreement not to release the information concerning H.R. to the public.[2] One of the demands was that H.R. donate $9.95 million to an alleged charity, "No Fear Against Abuse," which is registered at defendant's personal address in Maryland. The putative charity was incorporated less than three weeks before defendant communicated his

---

[2] Defendant is not an attorney and did not make the demands on behalf of any clients.

demands to the attorney and its website includes the email address from which defendant emailed his demands.

Following her receipt of the email, the attorney went to the Middlesex County Prosecutor's Office, where she had a recorded telephone call with defendant. The attorney asked how much of the demanded $9.95 million defendant would personally receive and he said it is "[n]one of your business." Defendant explained the money would be paid to women who had been involved with H.R. and that defendant would receive compensation in the form of company vehicles and office space. Defendant refused to identify the women who would allegedly receive the money, and later reduced his demand to $3.7 million. Defendant was never paid any of the money he demanded.

All of the attorney's communications with defendant occurred while she was in New Jersey. There was no evidence presented that defendant was in the State when he communicated with the attorney. Defendant and the attorney scheduled a meeting in New Jersey, but defendant cancelled due to a business trip.

Defendant moved to dismiss the indictment arguing that New Jersey lacked territorial jurisdiction over the alleged offense under N.J.S.A. 2C:1-3. The court agreed, finding "no defendant can be prosecuted in this State without having committed the act in this State or the intended consequences of his

actions causing an effect in this State." The court determined that the "only connection" the State has with the alleged commission of the charged offense "is through various forms of communication with . . . [the attorney]," and that "no crime was committed against . . . [the attorney]." The court found the attorney could not be "considered a victim," and therefore the evidence "does not suffice to confer jurisdiction on this State to prosecute [d]efendant."

The court entered an order dismissing the indictment. The State's appeal followed.

## II.

We apply well-settled principles to our review of an order dismissing an indictment. "A motion to dismiss is addressed to the discretion of the trial court, and that discretion should not be exercised except for 'the clearest and plainest ground.'" State v. Feliciano, 224 N.J. 351, 380 (2016) (citations omitted). "We will only disturb the trial court's decision on a motion to dismiss for a clear abuse of discretion." State v. Ferguson, 455 N.J. Super. 56, 63 (App. Div. 2018). However, if a court's discretionary decision to dismiss an indictment "is based upon a misconception of the law, a reviewing court owes that decision no particular deference." State v. Lyons, 417 N.J. Super. 251, 258 (App. Div. 2010); accord State v. Tringali, 451 N.J. Super. 18, 27 (App. Div. 2017).

"There must be territorial jurisdiction in New Jersey for the State to prosecute a crime here. The State has the power to prosecute crimes that occurred within its borders but may not bring charges for offenses committed entirely in another state or country." State v. Sumulikoski, 221 N.J. 93, 101 (2015) (citation omitted). "Territorial jurisdiction is . . . an element of an offense that ultimately must be proved beyond a reasonable doubt." Ferguson, 455 N.J. Super. at 64 (citing N.J.S.A. 2C:1-14(h)). We therefore consider whether there was some evidence presented to the grand jury establishing that New Jersey has territorial jurisdiction over the crime charged in the indictment. See Tringali, 451 N.J. Super. at 26 (explaining that in deciding "a motion to dismiss an indictment, the court should consider whether 'there is some evidence establishing each element of the crime[,]' and should view that evidence in the light most favorable to the State" (alteration in original) (quoting State v. Morrison, 188 N.J. 2, 12-13 (2006))).

Defendant argues there was insufficient evidence presented to the grand jury to establish territorial jurisdiction under N.J.S.A. 2C:1-3(a)(1). He asserts the court correctly dismissed the indictment because he was located in Maryland when he allegedly made the threats to the attorney. He contends he did not commit any conduct constituting an element of attempted theft by

extortion in New Jersey and therefore there is no basis for territorial jurisdiction under N.J.S.A. 2C:1-3(a)(1). We disagree.

Since the adoption of our Criminal Code in 1978, "courts have 'broadly interpreted' New Jersey's statute on territorial jurisdiction to apply 'to offenses committed partly outside of the State.'" Sumulikoski, 221 N.J. at 102 (quoting State v. Streater, 233 N.J. Super. 537, 543 (App. Div. 1989)). However, "territorial jurisdiction requires more than a connection between a defendant's New Jersey 'status' or 'attendant circumstances' occurring in New Jersey." Tringali, 451 N.J. Super. at 26 (quoting Sumulikoski, 221 N.J. at 103). The "methods that allow for jurisdiction in a criminal case" are codified in N.J.S.A. 2C:1-3(a) and "require a direct nexus to New Jersey." Sumulikoski, 221 N.J. at 102.

The State argues New Jersey has territorial jurisdiction under N.J.S.A. 2C:1-3(a)(1). The statute provides that "a person may be convicted under the law of this State of an offense committed by his own conduct . . . if . . . the conduct which is an element of the offense . . . occurs within this State."[3]

---

[3] N.J.S.A. 2C:1-3(a)(1) also provides for territorial jurisdiction over crimes where "the result which is such an element of the offense occurs within this State." See, e.g., Tringali, 451 N.J. Super. at 27 (finding there was territorial jurisdiction over the offense of computer criminal activity, N.J.S.A. 2C:20-25(b), where the defendant's conduct in Florida affected computers in Utah but resulted in the disruption of the victim's online business which was conducted
(continued)

N.J.S.A. 2C:1-3(a)(1). In pertinent part, "conduct" is defined as "an action or omission and its accompanying state of mind, or, where relevant, a series of acts and omissions," N.J.S.A. 2C:1-14(d), and "element of an offense" is "such conduct" as "[i]s included in the description of the forbidden conduct in the definition of the offense," N.J.S.A. 2C:1-14(h)(3)(a); see also Sumulikoski, 221 N.J. at 93 (explaining the standard for territorial jurisdiction under N.J.S.A. 2C:1-3(a)(1)).

Defendant is charged with attempted extortion under N.J.S.A. 2C:5-1 and N.J.S.A. 2C:20-5(c). By definition, theft by extortion is committed where a person "obtains property of another by . . . purposely threaten[ing]" various conduct. N.J.S.A. 2C:20-5(a) to (g). To support the charge in the indictment based on the allegations against defendant, the State was required to present some evidence to the grand jury that defendant purposely and unlawfully attempted to obtain H.R.'s property by "purposely threaten[ing] to . . . [e]xpose or publicize any secret or any asserted fact, whether true or false, tending to subject [H.R.] to hatred, contempt or ridicule, or to impair his credit or business repute." N.J.S.A. 2C:20-5(c); see also Model Jury Charge (Criminal),

(continued)
in New Jersey). We do not address that basis for territorial jurisdiction under N.J.S.A. 2C:1-3(a)(1) because the record does not include any evidence that any result which is an element of the charged offense occurred in New Jersey.

"Theft By Extortion (N.J.S.A. 2C:20-5)" (rev. June 5, 2006). To establish criminal attempt, the State was required to present some evidence defendant "[p]urposely" did "anything which, under the circumstances as a reasonable person would believe them to be, is an act . . . constituting a substantial step in a course of conduct planned to culminate in his commission of the crime" of extortion. N.J.S.A. 2C:5-1(a)(3); see also Model Jury Charge (Criminal), "Attempt (N.J.S.A. 2C:5-1)" (rev. June 15, 2009).

Here, defendant allegedly committed the offense charged in the indictment by attempting to obtain H.R.'s property through his communication of threats concerning H.R. to the attorney while she was in New Jersey.[4] Although the evidence showed the threats originated from defendant while he was in Maryland, it was the attorney's receipt of the threats in New Jersey through which defendant completed the alleged attempt to extort H.R.'s property. Based on the evidence presented to the grand jury, absent proof the threats were actually received by the attorney, there would be insufficient proof of the crime of attempted theft by extortion under N.J.S.A. 2C:20-5 to support the charge in the indictment.

---

[4] N.J.S.A. 2C:20-5 does not require that the threats be communicated directly to the victim from whom the actor "purposely and unlawfully obtains [or attempts to obtain] property."

The attorney's receipt of the threats in New Jersey is not a matter related to her "status" or other attendant circumstance that does not support territorial jurisdiction. See Sumulikoski, 221 N.J. at 103. To the contrary, defendant's alleged attempted extortion was complete upon his delivery of his threats to the attorney in New Jersey. Defendant's delivery to, and the attorney's receipt of, the threats in New Jersey constituted conduct that is an element of the crime of attempted theft by extortion charged in the indictment; he engaged in conduct in New Jersey—"purposely threaten[ing]"—that is an element of the crime of attempted theft by extortion.[5] See N.J.S.A. 2C:20-5; see also Sumulikoski, 221 N.J. at 103. Territorial jurisdiction over the charged crime is therefore proper because the evidence before the grand jury showed defendant

---

[5] Other jurisdictions have similarly held that a phone call from outside a state provides territorial jurisdiction over a crime in the state in which the call is received where conduct during the call constitutes an element of the crime charged. See, e.g., State v. Rimmer, 877 N.W.2d 652, 670 (Iowa 2016) (finding conduct constituting an element of a theft offense supporting territorial jurisdiction where "the defendants' phone calls to a nonresident victim's employee in Iowa . . . deceived him into authorizing payment of a false claim" even though "the victim's payment is sent from another state"); State v. Woolverton, 159 P.3d 985, 992 (Kan. 2007) (finding a threat communicated by telephone from outside of Kansas to a person in Kansas constitutes conduct providing territorial jurisdiction in Kansas because "the offense of criminal threat requires a communication, which involves both the declaration of a threat and the perception and comprehension of the threat"); State v. Meyers, 825 P.2d 1062, 1064-65 (Haw. 1992) ("hold[ing] that for purposes of establishing criminal jurisdiction, a telephone call constitutes conduct in the jurisdiction in which the call is received").

engaged in conduct in New Jersey constituting an element of the crime. N.J.S.A. 2C:1-3(a)(1).

We are not persuaded by defendant's reliance on State v. Casilla, 362 N.J. Super. 554, 563 (App. Div. 2003), where the defendant was convicted of attempted theft by extortion based on threats the defendant made to a person in Ohio. We reversed that conviction and remanded for a new trial, finding that because there was a fact issue concerning whether the defendant actually placed the calls while located in New Jersey, the issue of the court's territorial jurisdiction should have been submitted to the jury. Ibid.

In Casilla, the territorial jurisdiction issue was dependent on whether the defendant was in New Jersey when he made the telephone calls to Ohio. Ibid. Here, the evidence presented to the grand jury showed defendant engaged in conduct constituting an element of the offense in New Jersey: he made threats over the phone and via email to a person he knew was in New Jersey for the purpose of attempting to commit the crime of theft by extortion. There was no similar evidence extant or at issue in Casilla.

In sum, in rendering its decision dismissing the indictment, the court did not consider or apply the correct legal standard under N.J.S.A. 2C:1-3(a)(1) because it focused solely on the results of defendant's conduct. The court erred by failing to consider whether defendant engaged in conduct in New

11

Jersey that constitutes an element of the offense for which he is charged. Because there was some evidence before the grand jury showing defendant engaged in conduct constituting an element of the crime charged in New Jersey, we reverse the court's order dismissing the indictment based on its finding there is no territorial jurisdiction under N.J.S.A. 2C:1-3(a)(1).[6]

Our finding there is territorial jurisdiction under N.J.S.A. 2C:1-3(a)(1) renders it unnecessary to address N.J.S.A. 2C:1-3(a)(2) as a possible separate basis supporting territorial jurisdiction, and the State otherwise offers no substantive arguments based on the record before the grand jury addressing application of N.J.S.A. 2C:1-3(a)(2) here.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[6] Defendant did not argue before the motion court, and does not argue on appeal, that the exceptions to N.J.S.A. 2C:1-3(a)(1) set forth in N.J.S.A. 2C:1-3(b) and (c) apply, and we find no evidence in the record supporting their application. See Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008) (finding that an issue not briefed on appeal is deemed waived).

A-5669-17T1